UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN AUGERS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-1904 |
| | § | |
| M/V CALIFORNIA JUPITER, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendant Hapag-LLoyd America, Inc.'s ("HLA") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Dkt. 38. HLA's motion is predicated on a forum selection clause in the sea waybill of the carrier for which HLA was the agent. *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) ("[O]ur court has accepted 12(b)(3) as a proper method for seeking dismissal based on a forum selection clause . . . .").

Ocean carrier Hapag-Lloyd Container Linie GmbH ("HLC"), through HLA, its disclosed agent, was booked to ship plaintiff American Augers, Inc.'s ("American Augers") cargo from California to China.[1] As defendant SSA Marine's terminal personnel attempted to load the cargo, it fell onto its side on the dock. Because the cargo was not loaded aboard the vessel, HLC did not issue a sea waybill. Consequently, American Augers sued to recover for the loss it sustained from the incident. HLA has moved to dismiss based on the forum selection clause in the sea waybill HLC would have issued had the cargo been loaded aboard the carrier vessel.

Under Fifth Circuit precedent, the terms of an unissued bill of lading are binding where the cargo was damaged prior to issuance. *See Baker Oil Tools v. Delta Steamship Lines, Inc.*, 562 F.2d

---

[1] Defendant American Independent Line, Inc., acting as a Non-Vessel Operating Common Carrier, booked the cargo shipment with HLA on behalf of American Augers.

938 (5th Cir. 1977) (parties held to the terms of unissued bill of lading even though carrier lost the cargo prior to loading, at which time the bill would have been issued); *see also Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir. 1988). Furthermore, pursuant to the Himalaya Clause in the sea waybill, HLA, as HLC's disclosed agent, can enforce the bill's forum selection clause. Dkt. 38, Ex. A, Attach. 2; *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 31-32 (2004); *Brown & Root, Inc. v. M/V Peisander*, 648 F.2d 415 (5th Cir. 1981). Lastly, foreign forum selection clauses are routinely enforced. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 92 S. Ct. 1907 (1972) (forum selection clauses in international transactions are presumed enforceable); *cf. Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 115 S. Ct. 2322 (1995); Christian B. Miller, Note, M/V Sky Reefer*: Clear Sailing for Foreign Arbitration Clauses Under COGSA*, 18 HOUS. J. INT'L L. 935, 956 (1996) ("The modern commercial world has a great need for certainty and stability in the context of bills of lading for the carriage of goods on an international scale.").

    The forum selection clause in HLC's sea waybill requires "any claim or dispute arising under the Sea Waybill . . . [to be] determined in the Hamburg courts to the exclusion of the jurisdiction of the courts of any other place." Dkt. 38, Ex. A., Attach. 2. American Augers, the shipper, is bound by the terms and conditions of HLC's sea waybill. *Id.* Given that American Augers' claims arise under the HLC sea waybill, the German courts have exclusive jurisdiction.

For the foregoing reasons, HLA's motion to dismiss is GRANTED. American Augers' claims against HLA are DISMISSED without prejudice to refiling in the appropriate forum.

Signed at Houston, Texas on December 3, 2007.

_____
Gray H. Miller
United States District Judge